UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD KNOX,

    Petitioner,

v.                                        CASE NO. 09-13627
                                          HON. BERNARD A. FRIEDMAN

SHIRLEE HARRY,

    Respondent.

_____/

**OPINION AND ORDER TRANSFERRING
CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT
PURSUANT TO 28 U.S.C. §2244(b)(3)(A)**

Pending before the Court is Petitioner Reginald Knox's *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is a state inmate currently incarcerated at Muskegon Correctional Facility in Muskegon, Michigan. Petitioner challenges his conviction of bank robbery, MICH. COMP. LAWS §750.531, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS §750.227b. Petitioner was sentenced to life imprisonment. For the reasons stated below, the Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §2244(b)(3)(A) for authorization to file a second or successive habeas petition.

**I. Background**

After Petitioner appealed his conviction, the Court of Appeals remanded the felony firearm conviction and affirmed the bank robbery conviction. *People of Michigan v. Knox,* No: 60829 (Mich. App. Ct. July 23, 1983). On November 10, 1983, the felony firearm charge was

dismissed for lack of evidence.  Approximately four years later, on April 14, 1987, Petitioner requested the appointment of appellate counsel for an appeal to the Michigan Supreme Court. Petitioner's request was denied on June 23, 1987.  On January 6, 2003,[1] after Petitioner filed a motion for a new trial and a motion for relief from judgment, he filed an application for writ of habeas corpus with the United States District Court for the Western District of Michigan.

The petition was dismissed on the grounds that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Knox v. Cason,* U.S.D.C. 03-CV-00036 (W.D. Mich. April 3, 2003). Petitioner filed motions for reconsideration, relief from judgment and for a certificate of appealability.  Each motion was denied.  Petitioner also filed a petition for writ of error coram norbis and a petition for writ of mandamus.  Both petitions were denied.  Finally, Petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit and his appeal was dismissed for want of prosecution.  On September 2, 2009, Petitioner filed the pending habeas corpus petition.

## II. Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. §2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998).   Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence

---

[1]Under the prison mailbox rule this Court assumes that Petitioner actually filed his habeas petition on the date that it was signed and dated.  *Fugate v. Booker,* 321 F.Supp.2d 857, 859, n.2 (E.D. Mich. 2004)

of an order from the appellate court authorizing its filing. *Ferrazza v. Tessmer,* 36 F.Supp.2d 965, 971 (E.D. Mich. 1999). Otherwise, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals, no matter how meritorious the district court believes the claim to be. *Id.* at 971; see also *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This requirement allows the court of appeals to perform a screening function, which the district court previously would have performed. *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

In the present case, Petitioner previously filed a habeas petition with the Western District of Michigan, which was dismissed on the grounds that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d(1). The dismissal of a state prisoner's § 2254 petition for failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders any future petitions filed under § 2254 which challenge the same conviction a "second or successive" petition for the purpose of § 2244(b). *See Murray v. Greiner,* 394 F. 3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as a "prior application" for purposes of limitations on second and successive petitions); *Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003). The Western District Court's dismissal of Petitioner's habeas application on the ground that it was barred by the statute of limitations was therefore an adjudication on the merits of Petitioner's prior habeas application.

The current application is a second or successive petition for habeas relief. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), Petitioner's current

3

habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Because this is a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because ruling is premature prior to any determination by the Sixth Circuit as to whether Petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008). Moreover, not transferring this case to the Sixth Circuit in the absence of a certificate of authorization would impermissibly circumvent the AEDPA's gate keeping provisions. *Corrao v. United States,* 152 F.3d 188, 190-91 (2nd Cir. 1998).

### III. Conclusion

Petitioner has not obtained appropriate appellate authorization to file a subsequent petition as required by 28 U.S.C. §2244(b)(3)(A).

Accordingly,

IT IS ORDERED that the Clerk of the Court TRANSFER this case to the United States Court of Appeals for the Sixth Circuit.

                                                S/Bernard A. Friedman_____
                                                HONORABLE BERNARD A. FRIEDMAN
                                                UNITED STATES DISTRICT COURT JUDGE

Dated: \_November 3, 2009